I concur in the result reached by the majority. I write separately to add a few words in defense of that result.
The plain fact of the matter is that Craig testified to a version of events in stark contrast to that of the great majority of the witnesses. He denies making a remark about killing someone. He denies hearing Hardy make a statement about him being too small to fight. He denies that he was the aggressor and contends that Hardy was the aggressor. He professed fear for his life throughout. His only admission was that in hindsight it might have been better for him not to have acted as he did.
Assessment of his credibility is a task for the jury. The dissent would take on that task for this Court and resolve the dispute against Craig. Having thus resolved the factual dispute, it would follow that there is no need for an instruction. We are duty bound to respect the province of a properly instructed jury with respect to disputed facts, the resolution of which may lead to different legal results.
The State's instruction S-5 clearly compels flight if, under the circumstances, flight is reasonable. Perhaps that is as it should be. That is not our present law. Our present law is embodied in Craig's proffered instruction D-4. There was an evidentiary basis for the instruction in Craig's testimony. It was reversible error not to give it. *Page 1302 
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN and McRAE, JJ., join this opinion.